# EXHIBIT A

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

BERNARD LUGO,

    Plaintiff,

v.

CASE:

AKAMAI TECHNOLOGIES, INC.,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, BERNARD LUGO (hereinafter "Lugo"), by and through his undersigned attorney, sues the Defendant, AKAMAI TECHNOLOGIES, INC. (hereinafter "Akamai"), and alleges as follows:

### NATURE OF CLAIMS

1. This is an action against the Defendant for discrimination and retaliation under the Florida Civil Rights Act of 1992, as amended, Chapter §760, Fla. Stat. ("FCRA").

### JURISDICTION AND VENUE

2. This is an action for damages in excess of $30,000.00 for violations of the FCRA.

3. Venue lies in Broward County, Florida, as the Defendant operates within Broward County, Florida, and the Defendant's unlawful conduct giving rise to the claims asserted herein was committed within this judicial district.

4. At all times material hereto, the Defendant has employed more than fifteen (15) persons for the requisite period of time and, therefore, was and is an "employer" as that term is defined in the Florida Statute section 760.02(7).

## PARTIES AND EXHAUSTION OF REMEDIES

5. The Plaintiff is *sui juris* and, at all times material to this action, has been a resident of Broward County, Florida.

6. The Defendant is a foreign corporation that, during the relevant time period, has done business within Broward County, Florida.

7. The Defendant acted through its agents, servants, representatives, and/or employees at all times material hereto.

8. At all times material hereto, the Plaintiff has been a religious individual who practices Christianity.

9. The Plaintiff has complied with the administrative prerequisites of the FCRA by timely filing a Charge of Discrimination based on religious discrimination and retaliation with the EEOC and FCHR on approximately March 3, 2022. A copy of Plaintiff's Charge of Discrimination is attached hereto as **Exhibit "A."** More than 180 days have passed since the filing of the Charge without the FCHR issuing a determination. Therefore, Plaintiff has exhausted administrative remedies and can proceed with this lawsuit under the FCRA.

10. The Plaintiff has fulfilled all conditions precedent and administrative prerequisites of the applicable law prior to filing this Complaint.

## GENERAL ALLEGATIONS

11. In approximately April of 2016, the Plaintiff began working as a Solution Center Specialist for Akamai's Fort Lauderdale office.

12. Throughout his employment with Akamai, the Plaintiff was a satisfactory employee who was well respected by his co-workers and never had any significant disciplinary issues or poor performance reviews.

13. In approximately March of 2020, around the time that the COVID-19 pandemic began, all employees of the Defendant's Fort Lauderdale office were directed to work from home. The Plaintiff, however, believed he worked more effectively from the office and, thus, asked his manager, Paul Weidel, if he could continue working from the office, and Mr. Weidel approved this request.

14. In approximately December of 2021, the Defendant modified its policies so that employees who were vaccinated could work from the office on a limited basis.

15. In approximately December of 2021, the Defendant requested that the Plaintiff verify his vaccination status. In response, the Plaintiff stated that he was not vaccinated for religious reasons and made a request to the Defendant for a religious exemption to its COVID-19 vaccination mandate.

16. On or around January 14, 2022, the Plaintiff was informed by Mr. Weidel that he needed to submit written proof to substantiate his request for a religious exemption. Mr. Weidel also informed the Plaintiff that until the Plaintiff provided such written proof, he would need to work from home.

17. Thereafter, the Plaintiff complied with Mr. Weidel's request and submitted the requested proof to the Defendant.

18. The Plaintiff was subsequently contacted by the Defendant's Human Resources department and advised that he should request a disability exemption, as opposed to a religious exemption, because someone with a disability would be permitted to work in the Defendant's office.

19. The Plaintiff did not pursue a disability exemption as he was not a disabled individual.

20. During the period that the Plaintiff's request for a religious exemption was pending, the Plaintiff worked from home.

21. As, prior to this time, the Plaintiff had been working from the office consistently since March of 2020, he was not set up for at-home work as other employees may have been by that time. Accordingly, there were two occasions during the period that he worked from home that the Plaintiff

3

needed to retrieve items from the Defendant's office that were needed to perform his job duties.

22. Specifically, on approximately January 17, 2022, the Plaintiff went to the office simply to retrieve equipment he needed to work from home.

23. On approximately January 19, 2022, the Plaintiff went to the office simply to retrieve the business card for the individual with whom he had an appointment later that day.

24. On both occasions referenced above, the Plaintiff entered the office through his usual entrance, did not hide from the numerous cameras he knew were located at the office, and did not see or interact with any employees, as only security and custodial employees were present during the brief period the Plaintiff was at the office.

25. On January 20, 2022, the Plaintiff was informed that his request for a religious exemption to the vaccine mandate was granted. However, the very next day, on January 21, 2022, the Plaintiff was advised by the Defendant's employee relations representative, Larry Schnicker, that the Defendant's security cameras showed the Plaintiff entering the office building during the period that his request for a religious exemption was pending and while he was supposed to be working from home.

26. During this discussion, Mr. Schnicker questioned the Plaintiff about how he had entered the office, and the Plaintiff answered this question truthfully and informed Mr. Schnicker that he was only in the office for a brief period of time and did not encounter other employees during his time there.

27. Shortly thereafter, on February 9, 2022, the Plaintiff was notified by Mr. Weidel and Mr. Schnicker that his employment with the Defendant was terminated effective immediately for entering the office during the period his request for a religious exemption was pending and he was working from home as well as for purportedly being untruthful with Mr. Schnicker during their conversation on January 21, 2022.

4

28. The Plaintiff was truthful throughout his conversation with Mr. Schnicker on January 21, 2022, and no evidence or examples were given by Mr. Weidel and Mr. Schnicker to demonstrate otherwise.

29. Other unvaccinated employees who have entered the Defendant's Fort Lauderdale office during the period they were supposed to be working from home were not similarly terminated. Upon information and belief, unlike the Plaintiff, those employees had not requested a religious exemption to the Defendant's vaccination mandate.

30. The Plaintiff was targeted and singled out for termination due to being a religious individual who requested a religious exemption from the Defendant's vaccination mandate.

## COUNT I – VIOLATION OF FCRA (RELIGIOUS DISCRIMINATION)

31. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-30 and incorporates the same herein by this reference.

32. Plaintiff belongs to a protected class under the FCHR in that he is a religious individual who practices Christianity.

33. The Plaintiff's sincerely held religious beliefs preclude him from receiving a COVID-19 vaccine.

34. The Defendant and its managers and agents violated the FCRA when it subjected the Plaintiff to discriminatory treatment and terminated him due to his status as a religious individual after requesting a religious accommodation or exemption from the Defendant's vaccination mandate.

35. The Defendant and its managers and agents subjected the Plaintiff to less favorable treatment than similarly situated employees outside his protected class.

5

36. Had the Plaintiff not informed the Defendant that he was a religious individual seeking a religious exemption to the Defendant's COVID-19 vaccination mandate, he would not have been terminated.

37. Defendant's reason for Plaintiff's termination is a pretext to conceal the unlawful nature of its conduct.

38. Defendant is vicariously liable for all material adverse actions suffered by the Plaintiff and all religious discrimination engaged in by Defendant's managers and supervisors.

39. Defendant acted intentionally and with malice and reckless disregard for the Plaintiff's rights under the FCRA.

40. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to his reputation; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

41. The Plaintiff is entitled to recover punitive damages, attorneys' fees and costs pursuant to Section 760.11(5), Florida Statutes.

WHEREFORE, Plaintiff, BERNARD LUGO, prays that this Court will:

a. Issue a declaratory judgment that Defendant's practices toward Plaintiff violated his rights under the FCRA;

b. Enjoin the Defendant and its management employees from continuing or maintaining the policy, practice or custom of denying, abridging, withholding or conditioning the right of employees on the basis of their religion in violation of the FCRA;

c. Order Defendant to remedy the religious discrimination of Plaintiff by:

   i. Paying appropriate back pay;
   ii. Paying prejudgment interest;
   iii. Paying front pay in lieu of reinstatement;
   iv. Paying for lost benefits;
   v. Providing any other relief that is appropriate.

    d.    Enter a judgment against Defendant for compensatory damages;

    e.    Enter a judgment against Defendant for punitive damages; and

    f.    Grant Plaintiff costs and a reasonable award of attorneys' fees pursuant to the FCRA.

## COUNT II – RETALIATION UNDER THE FCRA

42. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 30 as if fully set forth herein.

43. The Plaintiff's sincerely held religious beliefs preclude him from receiving a COVID-19 vaccine.

44. The Plaintiff requested from the Defendant a reasonable accommodation or exemption from the Defendant's COVID-19 vaccination mandate based on his sincerely held religious beliefs.

45. Shortly thereafter, the Defendant and its managers and agents violated the FCRA by terminating the Plaintiff's employment in retaliation for the Plaintiff requesting this reasonable accommodation or exemption to the Defendant's vaccination mandate.

46. Defendant's reason for Plaintiff's termination is a pretext to conceal the unlawful nature of its conduct.

47. Defendant is vicariously liable for all material adverse actions suffered by Plaintiff and all religious discrimination engaged in by Defendant's managers and supervisors.

48. Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the FCRA.

49. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to his reputation; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, BERNARD LUGO, prays that this Honorable Court will enter an Order:

a. Enjoining and restraining Defendant from engaging in acts of retaliation;

b. Awarding Plaintiff any and all damages available to him, including, but not limited to, back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

c. Declaring Defendant's conduct to be in violation of the FCRA and ordering Defendant to institute policies, practices, training, and programs that provide protection from retaliation against employees and that eradicate the effects of its past and present unlawful practices;

d. Awarding Plaintiff compensatory damages against Defendant;

e. Awarding Plaintiff punitive damages against Defendant;

f. Ordering such additional equitable relief as is proper and just, including, but not limited to, the discipline and discharge, of any employees of Defendant found to have violated the FCRA by retaliating against Plaintiff.

**DEMAND FOR JURY TRIAL**

The Plaintiff, BERNARD LUGO, hereby demands trial by jury on all claims triable by right of jury under state and federal law.

Dated this 22nd day of December 2022.        Respectfully submitted,

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
t: 954-894-3035 f: 754-200-2836
e: dgallup@gallup-law.com

By:     */s/ Dana M. Gallup*
         DANA. M. GALLUP
         Fla Bar. No: 0949329

8

## RETURN OF SERVICE

| | | |
|---|---|---|
| State of Florida | County of Broward | CIRCUIT Court |

Case Number: CACE-22-018700 (09)

Plaintiffs:
**BERNARD LUGO**

vs.

Defendant:
**AKAMAI TECHNOLOGIES, INC**

For:
DANA GALLUP, ESQ.
GALLUP AUERBACH
4000 HOLLYWOOD BLVD.
SUITE 265 SOUTH
HOLLYWOOD, FL 33021

Received by NOLAN PROCESS SERVERS, LLC on the 27th day of December, 2022 at 11:50 am to be served on **AKAMAI TECHNOLOGIES, INC C/O CORPORATION SERVICE COMPANY AS R.A, 1201 HAYS STREET, TALLAHASSEE, FL 32301**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **28th day of December, 2022** at **9:45 am, I:**

**CORPORATE:** served by delivering a true copy of the **SUMMONS, PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL, EXHIBIT A** with the date and hour of service endorsed thereon by me, to: **SHEENA BLACK** as **AUTHORIZED REPRESENTATIVE** for the Registered Agent of AKAMAI TECHNOLOGIES, INC C/O CORPORATION SERVICE COMPANY AS R.A at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 35+, Sex: F, Race/Skin Color: WHITE, Height: 5'6", Weight: 155, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2022018043

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

Filing # 163610341 E-Filed 12/23/2022 10:20:50 AM

CACE-22-018700

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

BERNARD LUGO,

    Plaintiff,

v.

AKAMAI TECHNOLOGIES, INC.,

    Defendant.

_____/

CASE: CACE-22-018700 (09)

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State of Florida:

    **YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the complaint or petition in this action on Defendant:

**AKAMAI TECHNOLOGIES, INC.**
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2525

    Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to-wit:

    Dana M. Gallup, Esq.
    **Gallup Auerbach**
    4000 Hollywood Boulevard
    Suite 265 South
    Hollywood, Florida 33021
    Tel: (954) 894-3035
    e: dgallup@gallup-law.com

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 12/23/2022 10:20:49 AM.****

**** FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK 12/22/2022 4:30:00 PM.****
Case 0:23-cv-60153-RS   Document 1-1   Entered on FLSD Docket 01/26/2023   Page 12 of 13

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

Case No: 22-18700

**Bernard Lugo**
Plaintiff

Judge Division: 09

VS

**Akamai Technologies Inc.**
Defendant



FILED
DEC 22 2022
By: ___

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-73Civ/2020-74-UFC: "ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases:  NONE

Brenda D. Forman
Circuit and County Courts

By: _____
Deputy Clerk

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>BERNARD LUGO</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>AKAMAI TECHNOLOGIES, INC.</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 12/22/2022 08:51:20 AM.****